Sondra J. SHORT, Plaintiff-Appellant,

v.

Lawrence M. DAY, and Colorado Real Estate Commission, Defendants-Appellees.

No. 84CA0889.

Colorado Court of Appeals, Div. I.

Sept. 19, 1985.

1983, plaintiff garnished a bank which had possession of funds belonging to him. Judgment was entered against the garnishee bank on February 23, 1983, and partial satisfaction of the judgment was recorded on March 16, 1983.

The record reflects that there were no other court proceedings until April 1984, when plaintiff moved for an order directing payment from the real estate recovery fund (Fund) pursuant to § 12–61–302, C.R.S. (1984 Cum.Supp.). However, between March 1983 and April 1984 foreclosure proceedings on the subject property took place, a complaint was filed against Day with the Colorado Real Estate Commission, and plaintiff filed suit against Day's title insurance company.

The trial court denied plaintiff's motion without hearing, ruling that more than one year had elapsed between the "termination of all proceedings" connected with judgment, *i.e.*, judgment against the garnishee bank, and the time the motion for payment from the Fund was filed. *See* § 12–61–303(2)(b), C.R.S. (1984 Cum.Supp.). This appeal followed.

Frederick W. Newall, Colorado Springs, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Linda K. Baker, First Asst. Atty. Gen., Denver, for defendants-appellees.

BABCOCK, Judge.

Plaintiff, Sondra Short, appeals from an order of the trial court which held that her motion filed pursuant to § 12–61–302, C.R.S. (1984 Cum.Supp.) was untimely. We affirm.

Plaintiff commenced an action against defendant Lawrence M. Day, a licensed real estate salesman. She sought to enforce an agreement which required him to provide certain security for a note given in payment for realty which he had purchased from plaintiff. Judgment by default was entered for specific performance. However, the complaint was later amended seeking acceleration of the note, then allegedly in default. Another default judgment was entered against Day, and in February

Plaintiff asserts that the foreclosure, the Real Estate Commission proceedings, and the subsequent lawsuit constitute "proceedings ... in connection with the judgment" under § 12–61–303(2)(b), C.R.S. (1984 Cum.Supp.). We do not reach this issue because another issue is dispositive of this appeal.

■ Section 12–61–302, C.R.S. (1984 Cum.Supp.) provides relief only for those who obtain a judgment against a licensed broker or salesman on the grounds of negligence, fraud, willful misrepresentation, deceit, or conversion of trust funds. Here, plaintiff's judgments are based on breach of contract. Therefore, we conclude that plaintiff is ineligible for relief from the Fund.

■ Plaintiff also contends that the trial court erred in not conducting a hearing on her application for relief as required by § 12–61–303(2), C.R.S. (1984 Cum.Supp.).

We agree. However, since it is clear from the record that plaintiff cannot recover in any event, the error was harmless.

In light of our disposition of this case, we need not consider plaintiff's remaining contention.

Order affirmed.

PIERCE and KELLY, JJ., concur.